**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NA'EEM BETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 1:22-cv-02235-JEB |
| v. | ) |
| | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT SYNCHRONY BANK'S MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. SUMMARY OF FACTUAL ALLEGATIONS ................................................................... 1

III. STANDARD OF REVIEW .................................................................................................. 2

IV. ARGUMENT ........................................................................................................................ 2

    A. Plaintiff's Automatic Telephone Dialing System Claim Fails In Light of the Supreme Court's Ruling in Facebook v. Duguid ..................................................... 3

    B. Plaintiff Does Not Plead Revocation of Consent ..................................................... 4

V. CONCLUSION ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ACA Int'l v. FCC*,
  435 U.S. App. D.C. 1, 885 F.3d 687 (2018) ................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..........................................................2

*Barry v. Ally Fin., Inc.*,
  No. 20-12378, 2021 U.S. Dist. LEXIS 129573, 2021 WL 2936636 (E.D. Mich. July 13, 2021) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..........................................................2

*Betz v. Aidnest*,
  18-CV-0292 (D.D.C. Oct. 26, 2018) ..........................................................................................2

*Betz v. Bradford Exchange, Ltd. et al.*,
  16-CV-2357 (D.D.C. Feb. 15, 2017) ..........................................................................................2

*Betz v. Diversified Consultants, Inc.*,
  17-CV-2457 (D.D.C. Apr. 18, 2018) ..........................................................................................2

*Betz v. First Credit Services, Inc.*,
  15-CV-1376 (D.D.C. July 8, 2016) ............................................................................................2

*Betz v. National Student Aid Care*,
  17-CV-614 (D.D.C. Aug. 29, 2017) ...........................................................................................2

*Betz v. Premiere Credit of North America, LLC*,
  16-CV-1391 (D.D.C. Nov. 30, 2016) .........................................................................................2

*Betz v. Your Student Loan Solution, et al.*,
  17-CV-1955 (D.D.C. Oct. 27, 2017) ..........................................................................................2

*\*Epps v. Earth Fare, Inc.*,
  No. CV 16-08221 SJO, 2017 U.S. Dist. LEXIS 63439 (C.D. Cal. Feb. 27, 2017) ....................................................................................................................................4

*\*Facebook, Inc. v. Duguid,*
  141 S. Ct. 1163 (2021) ................................................................................................................3

*Pascal v. Concentra, Inc.*,
   No. 19-cv-02559, 2021 U.S. Dist. LEXIS 239583, 2021 WL 5906055 (N.D.
   Cal. Dec. 14, 2021) ................................................................................................3

*\*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot.
   Act of 1991*,
   30 FCC Rcd. 7961, 7996 ¶ 64 n.233 (July 10, 2015) ............................................4, 5

*Samataro v. Keller Williams Realty*,
   1:21-cv-76-RP, 1:20-cv-835-RP, 1:18-cv-775-RP (lead), 2021 U.S. Dist.
   LEXIS 207058, 2021 WL 4927422 (W.D. Tex. Sept 27, 2021) ...............................3

*Viggiano v. Kohl's Dep't Stores, Inc.*,
   No. 17-0243-BRM-TJB, 2017 U.S. Dist. LEXIS 193999 (D.N.J. Nov. 27,
   2017) .......................................................................................................................4

*Watts v. Emergency Twenty Four, Inc.*,
   No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, 2021 WL 2529613 (N.D. Ill.
   June 21, 2021).........................................................................................................3

**Statutes**

47 U.S.C. § 227(a)(1)......................................................................................................3

47 U.S.C. § 227(b)(1) ..................................................................................................2, 4

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................................2

AND NOW, comes Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, and files the within Memorandum in Support of its Motion to Dismiss the Complaint of Na'eem Betz ("Plaintiff") and states as follows.

## I.  INTRODUCTION

Plaintiff is a serial litigant attempting to profit off of his failure to satisfy debts that he owes. The instant case is yet another in a long line of cases he has initiated to further this endeavor. As a delinquent Synchrony accountholder, Plaintiff now brings claims against Synchrony for purported violations of the Telephone Consumer Protection Act.

The Supreme Court's Ruling in *Facebook v. Duguid* renders Plaintiff's Complaint dead on arrival because the Complaint establishes that any calls to Plaintiff were not random; instead, Synchrony intentionally called Plaintiff because he was delinquent on his account. For these reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice. Moreover, to the extent the claims are based on pre-recorded calls, Plaintiff did not revoke his consent for Synchrony to contact him. On the face of the Complaint, Plaintiff's claim is legally insufficient and should be dismissed in its entirety.

## II.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a delinquent Synchrony cardholder with a past due balance of $4,103.49. Compl. (ECF No. 5) ("Compl."), ¶ 14, Ex. D. According to the Complaint, in February and May 2021, Plaintiff allegedly verbally revoked consent for calls from Synchrony on the same days he received them. Compl. ¶ 12. Specifically, Plaintiff asserts only that he answered a call and said, "Hello, please stop calling I revoke any and all prior express consent" and "You do not have my consent any longer to harass me with prerecorded messages on my cellular telephone." *Id*. at ¶ 12. Plaintiff alleges that he "hung up the cell phone immediately" after making these statements. *Id*.

Plaintiff alleges that despite these statements, Synchrony continued to call his cell phone using a random or sequential number generator and a pre-recorded or artificial voice. *See generally*, *id*. The entirety of Plaintiff's Complaint is a claim for violation of the Telephone Consumer Protection Act ("TCPA"). *Id*.[1]

### III.     STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

### IV.     ARGUMENT

The entirety of Plaintiff's Complaint is a claim for violation of the TCPA. To state a claim under the TCPA, a plaintiff must allege: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS") or a pre-recorded or artificial voice ("PRAV"); (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1). The TCPA defines an automatic telephone dialing system as equipment that "has the capacity (A) to store or

---

[1] Plaintiff has brought multiple, unsuccessful TCPA claims. *See Betz v. First Credit Services, Inc*., 15-CV-1376 (D.D.C. July 8, 2016); *Betz v. Premiere Credit of North America, LLC*, 16-CV-1391 (D.D.C. Nov. 30, 2016); *Betz v. Bradford Exchange, Ltd. et al*., 16-CV-2357 (D.D.C. Feb. 15, 2017); *Betz v. National Student Aid Care*, 17-CV-614 (D.D.C. Aug. 29, 2017); *Betz v. Your Student Loan Solution, et al*., 17-CV-1955 (D.D.C. Oct. 27, 2017); *Betz v. Diversified Consultants, Inc*., 17-CV-2457 (D.D.C. Apr. 18, 2018); *Betz v. Aidnest*, 18-CV-0292 (D.D.C. Oct. 26, 2018).

produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

A.     **Plaintiff's Automatic Telephone Dialing System Claim Fails In Light of the Supreme Court's Ruling in *Facebook v. Duguid***

Plaintiff makes contradictory allegations that Synchrony both randomly or sequentially generated telephone numbers and made targeted calls to him to collect his debt. Compl., ¶¶ 19, 21, 22, 24, 28. The recent Supreme Court ruling in *Facebook, Inc. v. Duguid* supports dismissal of this litigation. 141 S. Ct. 1163 (2021). *Facebook* and its progeny hold that a platform which calls phone numbers from an established, non-random database of phone numbers, or specifically targets numbers in that non-random database, does not qualify as an ATDS under the TCPA. *Id*. District courts have relied on *Facebook* to hold that a device which calls a set of phone numbers from an established, non-random database of phone numbers, or specifically targets numbers in that non-random database, does not qualify as an ATDS under the TCPA. *See Pascal v. Concentra, Inc.*, No. 19-cv-02559, 2021 U.S. Dist. LEXIS 239583, 2021 WL 5906055, at *8 (N.D. Cal. Dec. 14, 2021); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 U.S. Dist. LEXIS 129573, 2021 WL 2936636 (E.D. Mich. July 13, 2021); *Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021); *Samataro v. Keller Williams Realty*, 1:21-cv-76-RP, 1:20-cv-835-RP, 1:18-cv-775-RP (lead), 2021 U.S. Dist. LEXIS 207058, 2021 WL 4927422, at *4 (W.D. Tex. Sept 27, 2021) (cases cited).

Here, Plaintiff's allegations that Synchrony used an ATDS fail as a matter of law because the Complaint demonstrates that the phone number was not called randomly or via a sequential number generator. Compl. ¶¶ 28, 43. Instead, the calls were made to a specific number for the specific purpose of speaking with Plaintiff because his account was delinquent. Compl., Ex. D. It is illogical that Synchrony would dial randomly or use sequentially generated numbers with the

hope of reaching one of its customers. For this reason, his TCPA claim with respect to ATDS calls fails, and should be dismissed with prejudice.

**B.      Plaintiff Does Not Plead Revocation of Consent**

Next, Plaintiff alleges that he answered two calls from Synchrony and attempted to revoke his consent to receive further calls. Compl. ¶ 12. To be actionable under the TCPA, the calls in question must be made without the called party's consent. 47 U.S.C. § 227(b)(1). A called party may revoke consent, but that revocation must be reasonable. *ACA Int'l v. FCC*, 435 U.S. App. D.C. 1, 6, 885 F.3d 687, 692 (2018). The Federal Communications Commission ("FCC") has issued instructive guidance on the issue of reasonableness, stating that "[w]hen assessing whether any particular means of revocation used by a consumer was reasonable," the Court should consider:

> the totality of the facts and circumstances surrounding that specific situation, including, for example, whether the consumer had a reasonable expectation that he or she could effectively communicate his or her request for revocation to the caller in that circumstance and whether the caller could have implemented mechanisms to effectuate a requested revocation without incurring undue burdens.

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7996 ¶ 64 n.233 (July 10, 2015) (the "2015 Ruling").

Moreover, a revocation is not reasonable to the extent the surrounding facts and circumstances indicate it will not be effective. *Epps v. Earth Fare, Inc.*, No. CV 16-08221 SJO (SSx), 2017 U.S. Dist. LEXIS 63439, at *13-14 (C.D. Cal. Feb. 27, 2017); *Viggiano v. Kohl's Dep't Stores, Inc.*, No. 17-0243-BRM-TJB, 2017 U.S. Dist. LEXIS 193999, at *11-12 (D.N.J. Nov. 27, 2017). The reasonableness of a purported revocation is particularly suspect where there is evidence the consumer's revocation may have been an attempt to manufacture a TCPA lawsuit. *See Epps*, 2017 U.S. Dist. LEXIS 63439, at *14 (acknowledging that plaintiff, whom defendant accused of manufacturing a TCPA claim, had "[w]ithout explanation . . . ignored [d]efendant's

clear instruction to stop the messages [and instead sent] verbose requests to terminate the messages.").

Here, Plaintiff avers that he answered calls he believes were from Synchrony and said, "Hello, please stop calling I revoke any and all prior express consent . . . You do not have my consent any longer to harass me with prerecorded messages on my cellular phone." Compl., ¶ 12. Plaintiff admits that he "hung up the cell phone immediately" after making these statements. *Id*. Simply put, this was not a reasonable attempt to revoke consent. Plaintiff could not have possibly had a reasonable expectation that he could effectively revoke consent under these circumstances. *2015 Ruling*, 30 FCC Rcd. At 7996 ¶ 64 n. 233. For example, Plaintiff does not aver that the caller confirmed or acknowledged the alleged requests. *See generally* Compl. In fact, the Complaint appears to support that the request was not heard given the May 25, 2021 letter which confirms that Synchrony had no record of a purported request for calls to cease. Compl., Ex. D. Assuming *arguendo* that Plaintiff's request was heard by Synchrony, Plaintiff did not stay on the line long enough to confirm his own identity and his authority to revoke consent and/or that the caller heard or understood his request. *Id*. at ¶ 12.

Considering the totality of the facts and circumstances here, the allegations as pled do not support that Plaintiff revoked his consent to receive phone calls from Synchrony. Therefore, at all times relevant, Synchrony had Plaintiff's consent to contact him. As all calls were made with Plaintiff's consent, his TCPA claim fails, and should be dismissed with prejudice.

V. **CONCLUSION**

This case is nothing more than a thinly veiled attempt to not only elude financial responsibility from a debt but also to profit from it, which should not be tolerated by this Court. Synchrony respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss

Plaintiff's Complaint in its entirety with prejudice, and grant such other relief to Synchrony as the court deems equitable and just.

Dated: September 15, 2022	Respectfully submitted,

/s/ *Mark D. Quist*
Mark D. Quist (D.C. Bar No. 1552500)
Reed Smith LLP
1301 K Street NW, Suite 1000
Washington, DC 20005
Phone: (202) 414-9200
mquist@reedsmith.com

*Counsel for Synchrony Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2022, I have caused to be electronically filed the within and foregoing in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

        Na'eem Betz
        4244 Hildreth Street, SE
        Washington D.C. 20019-9998
        Plaintiff, *Pro Se*

        */s/ Mark D. Quist*
        Mark D. Quist (D.C. Bar No. 1552500)