IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NA'EEM BETZ**<br>4244 HILDRETH ST. SE<br>WASHINGTON, D.C. 20019<br><br>Plaintiff, *Pro Se*<br><br>v.<br><br>**SYNCHRONY BANK**<br>170 WEST ELECTION ROAD, SUITE # 125<br>DRAPER, UTAH 84020-6425<br><br>Defendant, Respondent | **FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**<br><br>**JURY TRIAL DEMANDED**<br>**12 JURORS**<br><br>Civil Case No. 1:22-cv-02235-JEB |

Plaintiff, Na'eem O. Betz (hereinafter referred to as "Plaintiff"), individually alleges on personal knowledge, personal investigation, and on information and belief, as follows:

**FIRST AMENDED VERIFIED COMPLAINT**

**I.**          **NATURE OF ACTION**

1.     As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2.     This case involves a telephone campaign by Synchrony Bank ("Synchrony") to solicit for payments on a recalled alleged delinquent account to telephone numbers registered with the National Do Not Registry ("NDNCR") in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").          1

3. The recipients of Synchrony Bank ("Synchrony"), illegal telemarketing calls or solicitations, which include Plaintiff, are entitled to damages under the ("TCPA"). Defendant unlawful telephone practices, using prerecorded messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"). Defendant's violations of 47 U.S.C. § 227 *et.* seq. ("TCPA") by calling Mr. Betz cellular telephone number after his consent was revoked several times additional with such frequency as can reasonably be expected to harass and abuse Plaintiff Na'eem O. Betz.

## II. PARTIES

4. Plaintiff, Na'eem O. Betz, is a natural person and is a resident District of Columbia, in the United States of America.

5. Upon information and belief Defendant Synchrony Bank is an active bank with its headquarters located at 170 West Election Road, Suite 125, Draper, Utah, 84020. Synchrony Bank is a "person" as the term is defined by 47 U.S.C. § 153(39).

## III. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. §227(3)(C) *et* seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

**IV.**               **TCPA BACKGROUND**

The National Do Not Call Registry

8. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

9. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

10. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**V.**                **FACTUAL ALLEGATIONS**

11. Defendant Synchrony Bank ("Synchrony"), is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. Plaintiff, Na'eem O. Betz, personal / residential telephone number, 202-XXX-8063, is registered on the National Do Not Call Registry and had been for more than 31 days prior to the calls in this action. See attached "*See Attached - Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff Na'eem O. Betz confirming cellular telephone registration on a number ending in 8063 on April 22, 2012.*

13. Plaintiff, Na'eem O. Betz, wireless or cellular telephone number, 202-XXX-8063, is used for personal, residential purposes.

14. Plaintiff, Na'eem O. Betz received at least fifty-two ("52") telephone solicitations or uninvited telemarketing calls from the Defendant with additional thirty-one ("31") calls for a grand total of ("83") calls.

15. The Defendants Synchrony Bank or ("Synchrony") *et* al., harassed Plaintiff Na'eem O. Betz by placing cellular telephone calls during and after Plaintiff expressly revoked any and all alleged prior express consent on February 26th, 2021, at 5:12 pm, February 27th, 2021, at 3:07 pm, May 6th, 2021, at 4:07 pm by telephone. *"See Attached - Exhibit A_("FTC") National Do Not Call Registry Verification ("DNC") ending in 8063 since April 22, 2012. "See Attached - Exhibit B_ Screenshots of Cellular Telephone Call Records from Defendant Synchrony Bank or ("Synchrony") et al., See Attached - Exhibit - C_ Gmail - You received a Voice Messages from Defendant Synchrony Bank or ("Synchrony") et al., "See Attached – Exhibit D_ CFPB Case # 5859, <u>On April 22, 2021 we coded this account to prevent future telephone calls.</u>" "See Attached – Exhibit D_ Synchrony Bank consumer response letter to the ("CFPB") consumer complaint Plaintiff filed.*

16. The uninvited telephone calls / voicemails solicited to inquire about payment on a recalled alleged delinquent account. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and/or insurers.

17. Defendant kept calling Plaintiff's telephone number phone thirty-one ("31") additional times, after Defendant agreed to place Plaintiff telephone number on their "internal" do-not-call list ("IDNC") on 04/22/2021 for a grand total of eighty-three calls ("83") calls.

18. Defendant knew its calls were unwanted, therefore, all calls could have

5

only been made solely for purposes of harassment. Defendant did not provide a clear option for Plaintiff or recipients to revoke their consent or non-consent via opt-outs. Whether it's a STOP opt-out via text, text message program or an alternative option to express a desire to receive no more messages from the caller, opt- outs must be honored immediately.

19. Defendant's incessant calls were bothersome, disruptive and frustrating

for Plaintiff to endure. Again, the Defendants never offered a way to OPT-OUT of any future calls and messages as required by the ("TCPA").

20. The Defendant should have not called my telephone number eighty-three ("83") times and dishonoring the fact I have been on the ("FTC") National Do Not Call Registry ("DNC") ending in 8063 since April 22, 2012.

21. Plaintiff residential, personal telephone number, 202-XXX-8063, is registered on the National Do Not Call Registry and had been for more than 31 days prior to the uninvited telemarketing calls or telephone solicitations in this action.

22. The communications with Defendant demonstrate that calls were made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. The calls therefore qualified as telemarketing 47 C.F.R. § 64.1200(f)(12).

23. Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue.

24. Plaintiffs also did not have a prior relationship with the Defendants and had not previously communicated with Defendants.

25. Plaintiff number which is registered on the ("DNC") have received more than one or two uninvited telemarketing calls, within a twelve-month period from the Defendants Synchrony Bank ("Synchrony"), Plaintiff is then entitled to bring a private action under the ("TCPA") for monetary and injunctive relief.

26. Plaintiff number, which is assigned to a cellular telephone service and is charged for monthly telephone usage and other communication services. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Na'eem O. Betz. The Defendants actions caused lost time, aggravation, nuisance, invasion of privacy that directly accompanies the receipt of unsolicited and harassing illegal

telemarketing calls or solicitations and continued distress.

27. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of his privacy.

28. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

29. Plaintiff have been harmed by the acts of the Defendant, including, but not limited to, the invasion of his privacy, annoyance, waste of time, the use of the telephone power and network bandwidth, and the intrusion on his telephone that occupied it from receiving legitimate communications.

30. Defendants has committed ("83") separate violations of 47 U.S.C. § 227(c) and Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47 U.S.C. § 227(c)(5).

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. – Opt-out • Each message must offer recipients an easy way to opt-out of future messages. • Voice-activated or key press-activated mechanism or toll-free number for calls. • Replying "STOP" for text messages. • All opt-out requests must be honored immediately.

33. For example: Defendant Synchrony Bank or ("Synchrony") *et* al., after coding the recalled alleged account called Plaintiff cellular telephone an additional ("31") times for a grand total of ("83") with prerecorded messages in direct violation of 47 U.S.C.§227(c)(5), ("FTC") National Do Not Call Registry ("DNC").

34. The acts and/or omissions of Defendant were done unfairly, unlawfully,

intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse. The parties do not dispute Plaintiff's allegation that Defendant's message failed to include an opt-out mechanism and that Defendant failed to immediately honor Plaintiff's opt-out request.

35.     As a result of the above violations of the ("TCPA"), Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

36.     The frequency of these uninvited telemarketing telephone calls or telephone solicitations have facial plausibility that Plaintiff, Na'eem O. Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant Synchrony Bank ("Synchrony") *et* al., is liable for their illegal / unlawful behavior and conduct. Assuming the truth of Plaintiff factual allegations, the Court will find all claims to be facially plausible. The acts and practices alleged in Paragraphs 1- 36 constitute willful or knowing violations of section 47 U.S.C. § 227(c)(5).

**VI.**                         **COUNT I**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**VIOLATIONS OF 47 U.S.C.§227(c)(5)**
**FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

37. Plaintiff alleges and incorporates the information in paragraphs 1 through 36.

38. Defendant violated the ("TCPA") and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on behalf of the Defendant's to Plaintiff while his telephone number were registered on the National Do Not Call Registry ending in 8063 since April 22, 2012.

39. Defendant called Plaintiff on eighty-three ("83") times during a single calendar year despite Plaintiff's registration on the National Do Not Call list. Plaintiff notified the Defendant numerous times over the last year to stop calling his telephone number as previously agreed too.

40. Defendant attempted to solicit the sale of goods or services in those uninvited telemarketing calls.

41. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227 3(A),(B) or (C).

42. Plaintiffs are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

43. The Defendant's violations were knowing or willful.

**VII.** **COUNT II**
**INJUNCTIVE RELIEF |**
**47 U.S.C. §227(b)(3)(A)**

44. Plaintiff incorporates by reference all paragraphs of this First Amended Complaint as though fully stated herein.

45. Plaintiffs request that this Court grant it injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A).

**VIII.** **COUNT III**
**INVASION OF PRIVACY**

46. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

47. Defendant, through its conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

48. Defendants tactic of repeatedly calling Plaintiff is highly offensive to a reasonable person after being told on numerous occasions to stop.

49. Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

50. As a result of Defendants action or inaction, Plaintiff has been damaged.

51. The repetitive, calls to Plaintiff have caused emotional harm and distress, embarrassment, humiliation, and other losses.

52. The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**IX.** **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers soliciting or advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

  B. That the Court enter a judgment awarding Plaintiff statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

  C. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

  D. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

  E. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(3)(A),(B),(C);

  F. An award of attorneys' fees and costs, as allowed by law;

  G. An award of pre-judgment and post-judgment interest, as provided by law;

  H. Leave to amend the Complaint to conform to the evidence produced during discovery and at trial; and

  I. Injunctive relief (as provided under 47 U.S.C. § 227 (c); and

  J. Such other relief as the Court deems just and proper.

**X.**           **DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial as to all claims of the complaint so triable.

                     Respectfully Submitted,

Dated: November 7th, 2022            /s/ Na'eem Omar Betz
ALL RIGHTS RESERVED
Na'eem O. Betz
4244 Hildreth St. SE
Washington, D.C. 20019
Email: nobetzo@gmail.com
Telephone: (202) 706-8063

*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2022, I filed the foregoing overnight mailed by (USPS) United States Postal Service or (UPS) United Parcel Service delivered to District Court of Columbia, Clerk of Court, or the CM/ECF System which will then send a notification of such filing. I further state under oath that I caused the forgoing, to be served on the parties listed below by service of process, United States Marshall Service, United States Postal Services, Fed Ex, United Parcel Service, Certified Mail or Priority Mail, postage prepaid as a courtesy, on the following: I further state under oath that I caused the forgoing, to be served on the parties listed below by United States Postal Service postage prepaid as a courtesy, on the following:

I certify that a copy of the First Amended Verified Complaint will be served upon the Defendants registered agent, below in compliance with FRCP Rule 4; Pursuant to D.C. Local Civil Rules.

Mark D. Quist (D.C. Bar No. 1552500)
REED SMITH LLP
1301 K Street, NW
Suite 1000 - East Tower
Washington, DC 20005
(202) 414-9184
(202) 414-9299 (fax)
E-mail: mquist@reedsmith.com
Assigned: 09/15/2022
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED FOR DEFENDANT*

/s/ *Na'eem Omar Betz*
ALL RIGHTS RESERVED
Na'eem O. Betz
4244 Hildreth Street, SE
Washington, DC 20019
nobetzo@gmail.com

*Plaintiff (Pro Se)* — Dated: November 7th, 2022