# EXHIBIT B

 An official website of the United States Government



‹ Active complaints

# 210521-6621945

## Primary consumer information

**FULL NAME**
NAEEM O BETZ

**EMAIL ADDRESS**
nobetzo@gmail.com

**PHONE**
12027068063

**ADDRESS**
P.O. BOX 15714
WASHINGTON, District of Columbia 20003
United States

## Methods of identification provided by the consumer

**ACCOUNT NUMBER**
60876*******4515

## Product information

**PRODUCT OR SERVICE**
Debt collection (Credit card debt)

### ISSUE
Communication tactics
You told them to stop contacting you, but they keep trying

### CONSUMER IDENTIFIED COMPANY NAME
SYNCHRONY BANK

### PHONE NUMBER DEBT COLLECTOR IS CALLING
2027068063

## What happened

OFFICIAL FINAL OF INTENT TO LITIGATE _IN THE U.S. DISTRICT COURT FOR DISTRICT OF COLUMBIA _NAEEM BETZ v. SYNCHRONY BANK et al. Pursuant to Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq., a tort injury for invasion of privacy, you are hereby given notice that Plaintiff Na'eem Omar Betz intends to commence a FEDERAL LAWSUIT against you ("SYNCHRONY BANK") et al for ($75k) damages, statutory, punitive, actual, fees and expenses, costs, and other related relief or equitable relief. The TCPA is not limited to telemarketing calls; Congress recognized unsolicited contact as a concrete harm regardless of caller or content, and this harm is similar in kind to harm that has traditionally been redressable by courts." -- Ninth Circuit Court of Appeal "The TCPA is not limited to telemarketing calls; Congress recognized unsolicited contact as a concrete harm regardless of caller or content, and this harm is similar in kind to harm that has traditionally been redressable by courts." Congress passed the TCPA in 1991 to protect "the tranquility and privacy of [a person's home] … [from] intrusive and annoying interruptions." The bill's sponsor, Senator Ernest "Fritz" Hollings, described telemarketing calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall … These calls are a nuisance and an invasion of our privacy." The TCPA gives consumers the right to sue for any violations of the law involving automatic dialers, unsolicited cell phone calls, prerecorded messages, and do-not-call lists. This is an action for statutory damages brought by Plaintiff Na'eem Betz against the Defendants ("SYNCHRONY BANK") et al., for violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq., a tort injury for invasion of privacy. Plaintiff Na'eem Betz, has been subject to unlawful debt collection telephone practices by your company in the form of (unwarranted or unauthorized),(60 plus) cellular telephone calls. Plaintiff Na'eem Betz has revoked in alleged consent numerous times but the Defendant ("SYNCHRONY

BANK") keeps calling my personal / residential cell phone number.... Plaintiff's number, which is assigned to a cellular telephone service and is charged for monthly telephone usage and other communication services. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. The Defendants actions caused lost time, aggravation, and continued distress. In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 21 F.C.C. Rcd. 3787, 3812 (F.C.C. 2006) (determining that "a sender should have the obligation to demonstrate that it complied with the rules, including that it had the recipient's prior express invitation or permission"). First Nat'l Collection Bureau, Inc. v. Walker, 348 S.W.3d 329 (Tex. App. 2011) (ninety-eight calls at $1500 per call). See also Verdict, Drew v. Ocwen Loan Servicing, Inc., No. 8:14-cv-369-26TGW (M.D. Fla. Sept. 23, 2015) (finding that defendant willfully or knowingly violated TCPA by making 218 calls to plaintiff's cell phone).Unwanted calls also deplete a cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to x-rays. These are all tangible harms and there can be no doubt that they create Article III standing. The Supreme Court has made it clear that a small harm is sufficient to create standing: even "an identifiable trifle is enough for standing." Robocalls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction. All of these harms meet the requirement of concreteness as interpreted by Spokeo. The invasion of privacy claim that is most analogous here is intrusion upon seclusion. See Restatement (Second) of Torts § 652B (1977). The Fourth Circuit has recognized that the TCPA's prohibitions against robo-calls implicate privacy interests in seclusion. Maryland v. Universal Elections, Inc. , 729 F.3d 370, 377 (4th Cir. 2013). This tort claim has also often been applied to unwanted telephone calls. See, e.g. , Charvat v. NMP, L.L.C. , 656 F.3d 440, 452–453 (6th Cir. 2011) (Ohio law) (repeated telemarketing calls, especially after do-not-call request, may be invasion of privacy); St. Paul Fire & Marine Ins. Co. v. Green Tree Financial Corp. , 249 F.3d 389 (5th Cir. 2001) (Tex. law). In essence, the TCPA can be seen as merely liberalizing and codifying the application of this common law tort to a particularly intrusive type of unwanted telephone call. While the common law tort may require different elements than the TCPA, the Supreme Court's focus in Spokeo was not on the elements of the cause of action but rather on whether the harm was of a type that traditionally provides a basis for a common law claim. Please contact me as soon as possible by email: nobetzo@gmail.com only for official settlement purposes... I do not give prior express written consent for any other use… to resolve this matter. The foregoing is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of any of Plaintiff Na'eem Omar Betz rights or remedies, whether legal or equitable, all of which are hereby expressly reserved, including Plaintiff Na'eem Omar Betz right to all available remedies against the Defendants ("SYNCHRONY BANK") et al, including but not limited to the recovery of costs and attorneys' fees. Plaintiff will be sending by U.S. mail a copy of the summons , original verified complaint, exhibits A,B,C, to your

clients registered agent... Please advise; Thank you for your time and consideration... Sincerely Na'eem Omar Betz Consumer / Plaintiff ALL RIGHTS RESERVED 28 U.S.C. § 1746 - 15 U.S.C. § 7001(a)(1)(2) 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law 18 U.S.C § 241 - Conspiracy Against Rights 42 U.S.C. § 1983 - Civil Action For Deprivation Of Rights

**ALREADY ATTEMPTED TO FIX THIS ISSUE WITH THE COMPANY?**
Yes

## Desired resolution

FULL MONETARY SETTLEMENT OF ALL CLAIMS

## Response recipients

**SUBMITTED BY**
Primary consumer

**WHO WILL RECEIVE RESPONSES?**
Primary consumer

## What is the company's response?

Response definitions

◯ In progress

◯ Closed with explanation

◯ Closed with monetary relief

◯ Closed with non-monetary relief

○ Alerted CFPB

○ Duplicate CFPB complaint reported

○ Incorrect company

○ Sent to regulator

# COMPLAINT STATUS

**COMPLAINT STATUS**

Pending Action By Company

**SENT TO COMPANY**

05/21/2021 12:20 ET

**DUE DATE**

06/05/2021

# ACTIONS

✎ Respond

🖶 Print

Terms of service (terms-of-service)

 An official website of the United States Government