**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NA'EEM BETZ,                         )
                                     )
     Plaintiff,             )
                                     )   Civil Case No. 1:22-cv-02235-JEB
v.                                   )
                                     )
SYNCHRONY BANK,                      )
                                     )
     Defendant.             )
                                     )

**DEFENDANT SYNCHRONY BANK'S OPPOSITION TO PLAINTIFF'S MOTION FOR**
**LEAVE TO FILE THIRD AMEND COMPLAINT**

     Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, opposes Plaintiff Na'eem Betz's ("Plaintiff") Motion for Leave to File Third Amended Complaint, and respectfully requests that this Court deny the Motion. In support of its opposition, Synchrony states as follows.

## I.     INTRODUCTION

     Plaintiff has demonstrated a pattern and practice of dragging out the resolution of this case by seeking lengthy extensions of time, ostensibly to prepare a written response to a motion to dismiss, only to subsequently move for leave to amend. Plaintiff has thus avoided responding to successive dispositive motions and delayed the resolution of this meritless case for over six months. Synchrony has already borne excessive costs and undue burden in responding to this meritless matter. For months, Synchrony and its counsel cooperated with or acquiesced in Plaintiff's requests for amendments and extensions of time out of consideration for Plaintiff's status as a *pro se* litigant. But it has become increasingly apparent in recent months that Plaintiff seems to be following a well-worn playbook and taking advantage of Synchrony's abundant—perhaps excessive—good will and patience. Plaintiff's present request appears to be a further

attempt to delay these proceedings.  Because Plaintiff appears to be motivated by the desire to delay resolution of this case rather than to materially advance it, because Synchrony has already endured undue burden and would be unduly and unfairly burdened by being forced to respond to another permutation of Plaintiff's already-twice-amended complaint, and because amendment would ultimately be futile, Synchrony respectfully requests that the Court deny Plaintiff's third motion to amend.

## II.    PROCEDURAL HISTORY

On July 27, 2022, Plaintiff filed his original Complaint wherein he attempted to raise a claim for violation of the Telephone Consumer Protection Act ("TCPA") based on Synchrony's alleged use of pre-recorded voice messages without Plaintiff's consent.  [ECF 1].  On September 15, 2022, Synchrony filed a motion to dismiss the Complaint (the "First MTD").  [ECF 8].  Four days later, on September 19, 2022, Plaintiff moved the Court to extend his time to respond to Defendant's First MTD from October 6, 2022 to November 7, 2022. [ECF 11].  That motion was unopposed by Defendant and granted by the Court. *Id.*

On November 7, 2022 (the extended deadline for his response to Synchrony's First MTD), Plaintiff moved the Court for leave to file a First Amended Complaint. [ECF 15]. That motion was unopposed by Defendant and granted by the Court. *Id.*  Plaintiff's First Amended Complaint attempted to raise causes of action for (1) violation of the TCPA based on Synchrony allegedly calling Plaintiff despite his number being listed on the national do not call registry, and (2) invasion of privacy.  [ECF 15-2].  On December 19, 2022, Synchrony filed its motion to dismiss the First Amended Complaint (the "Second MTD").  [ECF 18].  On December 20, 2022, Plaintiff moved the Court to extend his time to respond to Defendant's Second MTD from January 3, 2023 to

February 4, 2023.  [ECF 21].  Synchrony consented to that filing, and the Court granted the motion, extending the deadline to February 4, 2023.  *Id.*

On January 11, 2023, Synchrony consented to Plaintiff's proposal to file a Second Amended Complaint, but **warned Plaintiff that Synchrony has already expended considerable resources in responding to Plaintiff's prior filings and was likely to object to any further amendments**.  *See* January 11, 2023 email, attached hereto as *Exhibit A*.  On February 2, 2023, three weeks after this exchange, Plaintiff filed his consent motion for leave to file a Second Amended Complaint.  [ECF 22].  The Court granted the consent motion.  *Id.*  Plaintiff's Second Amended Complaint attempted to raise causes of action for (1) violation of the TCPA based on Synchrony's alleged use of an automatic telephone dialing system, and its alleged use of pre-recorded voice messages without Plaintiff's consent; and (2) invasion of privacy.  [ECF 22-1].

On February 21, 2023, Synchrony filed its Motion to Dismiss Plaintiff's Second Amended Complaint (the "Third MTD").  [ECF 23].  That same day, Plaintiff reached out to Synchrony's counsel to seek an extension of time to respond to the Third MTD, and Synchrony's counsel agreed to an extension of time[1] through March 24, 2023.  *See* First February 21, 2023 email exchange, attached hereto as *Exhibit B*.  Minutes after the conclusion of this exchange, Plaintiff separately wrote to Synchrony's counsel seeking consent to file a Third Amended Complaint.  *See* Second February 21, 2023 email exchange, attached hereto as *Exhibit C.*  Counsel for Synchrony promptly

---

[1] As demonstrated by the email chain attached as *Exhibit B,* Defense counsel was amenable to an extension of time through March 24, 2023, which gave Plaintiff 31 days from the date of his request to prepare an opposition to a relatively short and straightforward motion.  *See* Exhibit B at 7.  Plaintiff asked for an additional 14 days.  *Id.* at 6.  Defense counsel was not dead-set against a longer extension, but asked for some explanation as to why, on February 21, 2023, Plaintiff believed that he needed 45 days to respond to Defendant's third motion to dismiss.  *Id.* at 5.  In response, Plaintiff offered no explanation other than that he had "personal issues to attend to."  *Id.* at 4.

reminded Plaintiff of the above January 11, 2022 email and declined to consent to a Third Amended Complaint.  *Id.*

Plaintiff did not file his consent motion for an extension of time for another 14 days. [ECF 25]. In the motion, Plaintiff omitted any mention of when the parties' conference occurred and represented to the Court that the motion was being filed "as soon as he became aware of the need for additional time."  *Id.*   On March 18, 2023, Plaintiff filed a notice of settlement without first notifying Synchrony's counsel, and without the existence of mutually agreed-upon settlement terms.[2]  [ECF 26].   This notice was later withdrawn by Plaintiff.  *Id.*  On March 20, 2023, Plaintiff then filed a second motion for extension of time to respond to Synchrony's Third MTD, which Synchrony opposed.  [ECF 28].   Therein, Plaintiff again represented that "Plaintiff filed this motion to extend time as soon as he became aware of the need for additional time . . . ."  *Id.*  The Court granted the motion to extend on March 20, 2023.  *Id.*

Plaintiff has now filed his Motion for Leave to File a Third Amended Complaint, arguing that Synchrony will suffer no prejudice by the amendment.  [ECF 29].  As with his prior complaint, the proposed Third Amended Complaint attempts to raise causes of action for (1) violation of the TCPA based on Synchrony's alleged use of an automatic telephone dialing system, and its alleged use of pre-recorded voice messages without Plaintiff's consent; and (2) invasion of privacy.  [ECF 29-2].

## III.   <u>STANDARD OF REVIEW</u>

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hen

---

[2] Plaintiff withdrew the notice after Synchrony's counsel informed him that Synchrony would be seeking to strike the notice.

evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice

to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has

previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing

*Atchinson v. District of Columbia*, 73 F.3d 418, 315 U.S. App. D.C. 318 (D.C. Cir. 1996)); *see*

*also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "An amended

complaint is futile if it merely restates the same facts as the original complaint in different terms .

. . or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc*., 211 F. Supp. 2d

101, 114 (D.D.C. 2002) (citation omitted).

## IV.   ARGUMENT

Plaintiff's Motion to Amend should be denied because it will continue to cause undue delay

in these proceedings, because it will unduly prejudice Synchrony by requiring it to expend

additional resources to prepare a fourth dispositive motion, because the amendment is substantially

similar to his Second Amended Complaint and therefore equally futile, and because Plaintiff is

acting for a dilatory purpose.

Initially, Plaintiff's Motion to Amend does not provide any justification whatsoever to

satisfy the Rule 15(a)(2) amendment standard.  Rather, Plaintiff's motion is little more than a

lengthy recitation of the standards by which a court may or may not grant such a motion.  Plaintiff

neither explains how his amendment changes his deficient claims, nor why a fourth bite at the

apple is necessary.  Because Plaintiff has not and cannot properly explain how "justice . . .requires"

this amendment, his motion should be denied.

Plaintiff's motion appears to have been filed in bad faith and for no apparent reason other

than to prolong the proceedings.  Indeed, as set forth above, Plaintiff has demonstrated a pattern

of seeking extensions of time to respond to Synchrony's numerous motions to dismiss and then

ultimately filing an amended complaint rather than addressing Synchrony's arguments regarding the deficiencies of his claim.[3]   Although *pro se* litigants are often granted ample opportunity to correct technically deficient pleadings, this cannot go on indefinitely.   *See Price v. Unite Here Local 25,* 883 F. Supp. 2d 146, 154 (D.D.C. 2012) (where plaintiff twice "sought to amend a complaint to avoid a dispositive motion, even though all relevant facts were known to him from the beginning of [the] litigation," the court denied the motion to amend, noting that a "**plaintiff cannot keep this case alive indefinitely by shifting his legal theories at the last minute**.") (emphasis added).   *See also Equity Group, Ltd. v. Painewebber, Inc.,* 839 F. Supp. 930, 932 (D.D.C. 1993) ("The Court finds that the amended complaint is merely a tactic designed to evade summary judgment, and that to allow amendment at this time would protract the litigation and thus prejudice defendant.").

Despite Plaintiff's naked assertion to the contrary, Synchrony will suffer great prejudice if Plaintiff is permitted to amend the pleadings for a third time.   Synchrony has already prepared three dispositive motions and expended significant time and resources in responding to Plaintiff's claims.   Each time, Plaintiff has sought a lengthy extension to respond and then amended his complaint with the benefit of having already previewed Synchrony's arguments about the legal and factual deficiencies of his prior set of allegations.   Each time, Plaintiff's newly-amended complaint has failed to correct the defects.   Based on Plaintiff's past behavior, there is no reason to believe this cycle will not continue.   It has already significantly prejudiced Synchrony, and granting leave to amend at this time will cause substantial undue prejudice to Synchrony, frustrate the ends of justice, and waste judicial resources.

---

[3] Plaintiff has also made misrepresentations to the court: both by filing a notice of settlement without Synchrony's consent and by incorrectly claiming that he had filed motions for extension of time "as soon as he became aware of the need for additional time."

Although Plaintiff's motion claims that he "has added additional claims [and] seek[s] to provide more factual notice of his claims," his proposed Third Amended Complaint is strikingly similar to his Second Amended Complaint. [ECF 29-1 at p.4]. Indeed, (and contrary to Plaintiff's claim) the proposed Third Amended Complaint does **not** add any new cause of action. It continues to focus on his allegation that Synchrony invaded Plaintiff's privacy and violated the TCPA by placing calls to Plaintiff using a pre-recorded or artificial voice after Plaintiff allegedly revoked his consent to receive such calls. These claims have already been presented in one form or another in each of Plaintiff's previous complaints. For this reason alone, Plaintiff's Third Amended Complaint is futile. *See Robinson*, 211 F. Supp. 2d at 114 ("An amended complaint is futile if it merely restates the same facts as the original complaint in different terms"). Additionally, and as Synchrony has already articulated in its numerous motions to dismiss, these claims fail as a matter of law because Plaintiff is unable to properly plead either revocation of consent or that Synchrony's alleged conduct could be deemed "highly offensive" to a normal person. [ECF 23]. For the same reasons already stated in Synchrony's First, Second, and Third MTD, this proposed Third Amended Complaint is also deficient.[4]

---

[4] To the extent necessary for a determination of the futility of Plaintiff's proposed Third Amended Complaint, Synchrony incorporates by reference each of its prior motions to dismiss.

## V.   __CONCLUSION__

In ruling on Plaintiff's motion, this Court is tasked with considering "(1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint" *Howell*, 843 F. Supp. 2d at 54.  As indicated above, each one of these factors weigh in favor of denying the amendment.  Accordingly, Synchrony respectfully requests that Plaintiff's motion be denied and that the Court, in its discretion, grant Synchrony such further relief as the Court deems just and appropriate.

Dated: March 28, 2023                              Respectfully submitted,

                                                   */s/ Mark D. Quist*_____
                                                   Mark D. Quist (D.C. Bar No. 1552500)
                                                   Reed Smith LLP
                                                   1301 K Street NW, Suite 1000
                                                   Washington, DC 20005
                                                   Phone: (202) 414-9200
                                                   mquist@reedsmith.com

                                                   David A. Casale (Admitted *Pro Hac Vice*)
                                                   Reed Smith LLP
                                                   20 Stanwix Street, Suite 1200
                                                   Pittsburgh, PA 15222
                                                   Phone: 412-288-3330
                                                   dcasale@reedsmith.com

                                                   *Counsel for Synchrony Bank*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 28, 2023, I have caused to be electronically filed the within and foregoing in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

Na'eem Betz
Plaintiff, *Pro Se*


*/s/ Mark D. Quist*
Mark D. Quist (D.C. Bar No. 1552500)