UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NA'EEM BETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 1:22-cv-02235-JEB |
| v. | ) |
| | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT SYNCHRONY BANK'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD AMEND COMPLAINT**

Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, opposes Plaintiff Na'eem Betz's ("Plaintiff") Motion for Leave to File Third Amended Complaint, and respectfully requests that this Court deny the Motion. In support of its opposition, Synchrony states as follows.

## I. INTRODUCTION

As this Court has recognized in other matters, Plaintiff is a serial litigant who has made a cottage industry of bringing meritless TCPA claims in this district.[1] After Synchrony and its counsel prepared motions to dismiss each of Plaintiff's three previous complaint, the Court ultimately dismissed Plaintiff's Invasion of Privacy claim. Now, Plaintiff again seeks to raise an identical claim. However, because the proposed complaint adds no allegations sufficient to cure the defects of the Invasion of Privacy Claim, Plaintiff's motion to amend should be denied.

---

[1] *Betz v. Howard Univ. Hosp.*, Civil Action No. 22-1578 (JEB), 2023 U.S. Dist. LEXIS 3601, at *1 (D.D.C. Jan. 9, 2023)

## II.     PROCEDURAL HISTORY

On May 8, 2023, this Court issued an Order dismissing Count II of Plaintiff's Second Amended Complaint: Invasion of Privacy.[2] [ECF 36]. In its accompanying Memorandum Opinion, the Court noted that "The Second Amended Complaint offers nothing to support the claim that an ordinary, reasonable person would find Synchrony's calls highly offensive to the extent that they became a substantial burden to his existence." [ECF 37 at p.8]. Plaintiff now sees leave to file a Third Amended Complaint. However, with the exception of a few minor details regarding the alleged number of pre-recorded voice calls, the proposed Third Amended Complaint—including the allegations related to Invasion of Privacy—is largely indistinguishable from the Second Amended Complaint.

## III.     STANDARD OF REVIEW

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hen evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C.2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418, 315 U.S. App. D.C. 318 (D.C.Cir.1996)); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms . . . or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc*., 211 F. Supp. 2d 101, 114 (D.D.C.2002) (citation omitted).

---

[2] This matter has a lengthy procedural history which is set forth in Synchrony's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint at ECF # 31.

## IV. ARGUMENT

Without adding any additional supporting allegations, Plaintiff seeks to re-assert the already-dismissed Invasion of Privacy claim. This is the quintessence of futility.

This Court has already determined that Plaintiff's Second Amended Complaint did not sufficiently support a cause of action for Invasion of Privacy. *See* ECF 37 at p.8 ("The Second Amended Complaint offers nothing to support the claim that an ordinary, reasonable person would find Synchrony's calls highly offensive to the extent that they became a substantial burden to his existence"; "Betz may not like these phone calls, but they do not amount to an invasion of privacy"). Because Plaintiff's proposed Third Amended Complaint includes absolutely nothing to correct these deficiencies, Plaintiff's motion should be denied. *See Robinson*, 211 F. Supp. 2d at 114 ("An amended complaint is futile if it merely restates the same facts as the original complaint in different terms").

## V. CONCLUSION

Based on the foregoing, Synchrony respectfully requests that Plaintiff's motion be denied.

Dated: August 21, 2023                    Respectfully submitted,

*/s/ Eric Manski*
Mark D. Quist (D.C. Bar No. 1552500)
Eric M. Manski (D.C. Bar No. 1720945)
David Casale (*pro hac vice*)
Reed Smith LLP
1301 K Street NW, Suite 1000
Washington, DC 20005
Phone: (202) 414-9200
mquist@reedsmith.com
emanski@reedsmith.com
dcasale@reedsmith.com

*Counsel for Synchrony Bank*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 21, 2023, I have caused to be electronically filed the within and foregoing in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

>Na'eem Betz
>4244 Hildreth Street, SE
>Washington D.C. 20019-9998
>Plaintiff, *Pro Se*

>*/s/ Eric Manski*
>Eric M. Manski (D.C. Bar No. 1720945)